IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEVIN WAYNE MOBLEY, :
:
Petitioner :
:
v. : CIVIL ACTION NO. 09-1558
:
BRIAN COLEMAN, et al., :
:
Respondents. :

## ORDER

AND NOW, on this 30th day of July, 2013, upon careful and independent consideration of the petition for Writ of Habeas Corpus, and after review of the Report and Recommendation of the United States Magistrate Judge Elizabeth T. Hey, **IT IS ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.[1]

---

[1] When objections are filed to a magistrate judge's report and recommendations, the District Court is required to make a de novo determination of those portions of the report, findings, or recommendations made by the magistrate judge to which there are objections. See 28 U.S.C. § 636(b)(1); Rule 72.1 (IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania. Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See *United States v. Raddatz*, 447 U.S. 667, 673-74 (1980). Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district court judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. *Id.* The district court may accept, reject, or modify, in whole or in part, any part of the findings or recommendations made by the magistrate judge. *Id.*

Petitioner's allegations can be characterized into two claims: ineffectiveness of trial counsel and a violation of due process. In his ineffective assistance of counsel claim, Petitioner argues that trial counsel was ineffective for failing to request a competency hearing. Petitioner further argues that the trial court failed to hold a competency hearing *sua sponte* as the basis for his due process claim.

Magistrate Judge Hey's Report and Recommendation found that all of these claims were meritless. Petitioner's objections do not address any of Magistrate Judge Hey's findings and are nothing more than a restatement of the underlying claims contained in his petition. Thus, Petitioner fails to properly raise any objections to the findings of the Report and Recommendation for this Court to

1

2. The petition for Writ of Habeas Corpus is **DENIED** with prejudice.

3. There is no probable cause to issue a certificate of appealability.[2]

4. The Clerk of the Court shall mark this case closed for statistical purposes.

BY THE COURT:

*Petrese B. Tucker*

Hon. Petrese B. Tucker, C.J.

---

consider. As Judge Hey's Report and Recommendation correctly and comprehensively addressed all of Petitioner's claims in his petition, this Court fully approves and adopts Judge Hey's recommendation that Petitioner's Writ of Habeas Corpus be denied with prejudice.

[2] Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a petition under 28 U.S.C. § 2254 is issued, the district court must make a determination as to whether a certificate of appealability should be issued. *See* 3d. Cir. L.A.R. 22.2. A certificate of appealability should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (internal citations and quotations omitted). In the present matter, the Court finds that reasonable jurists would not debate whether the Magistrate Judge and this Court erred in disposing of the Petition, and Petitioner does not suggest otherwise in his objections. Therefore, the certificate of appealability is denied.