IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN WAYNE MOBLEY,       : | |
|     Petitioner,            : | |
|                           : | |
|        v.              : | CIVIL ACTION NO.  09-CV-1558 |
|                           : | |
| BRIAN COLEMAN, *et al.*,     : | |
|     Respondents.          : | |

**MEMORANDUM**

**TUCKER, J.**                                                                                     September 17, 2020

*Pro se* Petitioner Kevin Wayne Mobley, a prisoner in state custody serving a mandatory life sentence for first degree murder and a concurrent sentence for possession of an instrument of crime, has filed a Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b).  (*See* ECF No. 40.)  Mobley seeks to reopen the judgment dismissing his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  Because the Motion must be deemed to be an unauthorized second or successive habeas petition over which this Court lacks jurisdiction, the Motion is dismissed.

**I.      BACKGROUND**

The procedural history and factual background of Mobley's conviction is fully set forth in the Report and Recommendation prepared by Magistrate Judge Hey.  (ECF No. 26.)  Accordingly, the Court outlines only the information necessary to place the instant Motion in context.  Following the exhaustion of his direct appeal rights and a petition pursuant to the Pennsylvania Post Conviction Relief Act, 42 Pa. Con. Stat. § 9541 ("PCRA"), Mobley filed a § 2254 petition.  Thereafter, he filed a second PCRA petition that was later dismissed as time barred.  In his federal petition he raised as grounds for relief that counsel was constitutionally ineffective for failing to request a competency hearing, and his due process rights were violated

when the trial judge failed to *sua sponte* conduct a competency hearing. Magistrate Judge Hey recommended that these claims be dismissed on their merits. (*See* ECF No. 26.)

In the current Motion, Mobley seeks relief pursuant to Rule 60(b). His sole argument for relief is his assertion that the prosecutor improperly failed to turn over material covered by *Brady v. Maryland*, 373 U.S. 83 (1963). (ECF No. 40 at 2-4.)[1]

## II.  STANDARDS

### A.  Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made: either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision. Fed. R. Civ. P. 60(c).

### B.  Second or Successive Habeas Petitions

Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b) Motion is actually an unauthorized second or successive habeas petition. That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007). A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion. Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner seeking habeas relief.[2] It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," the Supreme Court observed,

---

[2] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

"determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532.  "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.*  The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted).  Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 and n.4.

**III.   DISCUSSION**

Because, pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not possess jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion, the threshold question before the Court is whether Mobley's Rule 60(b) motion is a true Rule 60(b) motion, or, in reality, a successive habeas petition.  The answer to this question is clear.  Mobley's original § 2254 petition was decided on its merits.  The sole claim raised in the motion, that the prosecutor improperly failed to disclose *Brady* material, asserts a new habeas claim and is in no way directed toward a procedural defect in Mobley's federal habeas proceedings.  Therefore, the Motion must be construed as an unauthorized second or successive habeas petition to the extent that in it he is challenging his judgment of sentence.  Because he has not received

authorization from the Court of Appeals to file another federal habeas petition in order to attack that judgment of sentence, this Court lacks jurisdiction to consider those claims.

An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability follows.

**BY THE COURT:**

**/s/Petrese B. Tucker**
_____
**PETRESE B. TUCKER, J.**